**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Angela Johnson,                                Court File No. 24-cv-01523 (JRT/ECW)

      Plaintiff,

v.                                                              **ORDER**

Mayo Clinic,

      Defendant.

---

This case is before the Court on the February 24, 2026 Motion of Gregory M. Erickson, Vincent J. Fahnlander, William F. Mohrman, Benjamin P. Lanari, Maxwell D. Becker, and Peter D. Linder, with the law firm Mohrman, Kaardal & Erickson, P.A., to Withdraw as Legal Counsel of Record Without Substitution for Plaintiff Angela Johnson ("Motion to Withdraw") (Dkt. 18) and Plaintiff Angela Johnson's March 12, 2026 pro se Emergency Motion to Stay Discovery Deadlines(Dkt. 26) ("Motion to Stay").  The Motion to Withdraw with the supporting papers were served on Plaintiff by her counsel via U.S. Mail on March 11, 2026.  (Dkt. 21.)  The Court held a Zoom for Government hearing on March 16, 2026, with respect to both Motions.  (Dkt. 29.)  Plaintiff was present during the hearing.

In support of the Motion to Withdraw, Plaintiff's attorneys explain that the basis for withdrawal is that there is a fundamental disagreement between Plaintiff and her attorneys as to the strategy and substance of representation and that Plaintiff had sought immediately to discontinue representation by the law firm of Mohrman, Kaardal &

Erickson, P.A.  (Dkt. 18 at 1.)  As part of the Motion papers, Plaintiff offered her

Affidavit in which she has declared under the penalty of perjury that she wanted

"immediate discontinuance of representation by Attorneys Gregory M. Erickson, Vincent

J. Fahnlander, William F. Mohrman, Benjamin P. Lanari, Maxwell D. Becker, or Peter D.

Linder."  (Dkt. 19 ¶ 3.)  Plaintiff is in the process of seeking new counsel.  (*Id.* ¶ 5.)

Plaintiff's attorneys believe that given Plaintiff's discharge and the irreconcilable

conflicts that have arisen with Plaintiff constitute good cause for withdrawal as required

by Local Rule 83.7(c).  (Dkt. 18.)  Defendant does not oppose the Motion to Withdraw.

Under District of Minnesota Local Rule 83.7(c), a lawyer seeking to withdraw

without substitution of counsel must give notice to the client and show good cause.

D. Minn. LR 83.7(c).  It is within the Court's discretion whether to allow counsel to

withdraw without substitution.  *See Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994).

"Relevant factors include: '(1) the reasons for withdrawal; (2) resulting prejudice, if any,

to the parties; (3) the effect withdrawal may have on the administration of justice; and

(4) the delay in resolution of the case that would result from the withdrawal.'"  *COKeM*

*Int'l, Ltd., v. MSI Ent. LLC*, No. 19-CV-3114 (JRT/HB), 2020 WL 12880065, at *1 (D.

Minn. Oct. 19, 2020) (quoting *Ivers v. CMFG Life Ins. Co.*, No. 15-cv-1577

(WMW/JJK), 2016 WL 11031189, at *1 (D. Minn. Apr. 5, 2016)).  "Courts typically

evaluate the impact of the withdrawal on the parties' interests and the progress of the

action."  *AB Tours LLC v. ABC Bus Leasing, Inc.*, No. CV 21-1376 (ECT/BRT), 2021

WL 10395829, at *1 (D. Minn. Dec. 13, 2021) (quoting *Deluxe Small Bus. Sales, Inc. v.*

*Findley*, No. 11-CV-1449 (JNE/SER), 2012 WL 13047581, at *2 (D. Minn. Mar. 28, 2012)).

The Minnesota Rules of Professional Conduct govern the conduct of attorneys practicing before this Court. *See* D. Minn. LR 83.6(a). The Rules of Professional Conduct provide for mandatory withdrawal of counsel if the lawyer is discharged. *See* Minn. R. Prof. Conduct 1.16(a)(3); *see also Berkley Reg'l Ins. Co. v. Doe*, No. 20-CV-2382 (WMW/TNL), 2022 WL 22911273, at *2-3 (D. Minn. July 19, 2022); *Scherber Cos. LLC v. T. Scherber Demolition & Excavating LLC*, No. 19-cv-2407 (DWF/KMM), 2020 WL 1816037, at *1 (D. Minn. Apr. 10, 2020) ("The [Minnesota Rules of Professional Conduct] requires counsel to withdraw from representation in certain circumstances . . . [including when] 'the lawyer is discharged.'" (quoting Minn. R. Prof. Conduct 1.16(a)(3)). In addition, "Rule 1.16 of the Minnesota Rules of Professional Conduct provides that a lawyer may withdraw from the representation of a client if: '(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement[.]'" *Ivers v. CMFG Life Ins. Co.*, No. CV 15-1577 (WMW/JJK), 2016 WL 11031189, at *2 (D. Minn. Apr. 5, 2016) (quoting Minn. R. Prof. Conduct 1.16(b)(4)).

Having considered the arguments of counsel, and based on the representations of Plaintiff, the Court finds that good cause exists to grant withdrawal without substitution, as the record demonstrates that Plaintiff no longer wishes that her counsel serve as her representative in this matter. *See Am. Dairy Queen Corp. v. Blume*, No. CV 11-358

3

(RHK/TNL), 2011 WL 13262111, at *3 (D. Minn. May 25, 2011) (finding good cause to grant withdrawal without substitution where the record demonstrated that the client discharged counsel).

On February 26, 2026, the Court held a hearing in the lead case in these consolidated actions, *Rubin v. Mayo Clinic*, on Defendants' Combined Motion to Compel Plaintiffs' Discovery Responses and Motion for Sanctions ("Mayo Clinic's Motion to Compel"). (Case No. 22-cv-01427, Dkt. 99; *see id.*, Dkt 79 (motion).) The Court gave the parties until March 19, 2026 to reach a stipulation as to discovery and reasonable expenses (including attorneys' fees and costs), failing which the Court would enter an order awarding relief to Defendant as to both issues on a plaintiff-by-plaintiff basis. (*Id.*, Dkt. 99 at 82:11-85:25, 87:7-14.) Since then, Plaintiff has sought a stay of the February 26, 2026 oral order given the pending Motion to Withdraw. (Dkt. 26 at 1.) Given the withdrawal of counsel in Plaintiff's case, the Court grants a limited stay of Plaintiff's discovery supplementation obligations and the deadline by which the parties are required to reach a stipulation as to the remaining discovery issues with respect to Plaintiff until **April 15, 2026**. If Plaintiff and Defendant do not reach a stipulated compromise regarding the discovery to be produced by Plaintiff by **April 15, 2026**, they are still required to notify the Court of the same, and the Court will then rule on any outstanding discovery issues regardless of whether Plaintiff is represented by counsel.

In addition, the parties sought an extension of time by which to meet and confer to come to an agreement as to the amount of reasonable expenses as ordered on February

4

26, 2026 and the apportionment of the amount of any awarded sanction to Plaintiff, which the Court granted during the hearing on the Motion to Withdraw.  The deadline to notify the Court as to any agreement as to reasonable expenses is now **March 23, 2026**. Plaintiff agreed at the hearing on the Motion to Withdraw to have attorney Gregory Erickson take the lead on the negotiations, notwithstanding the fact that he no longer represents her, with the understanding that she is free to reject any compromise reached with the Mayo Clinic.  The Court notes that the rejection of any compromise reached will not excuse Plaintiff from paying reasonable expenses to Mayo Clinic; it only means that the Court will need to make a ruling on the amount of her responsibility, if any, as to the amount of reasonable expenses awarded by the Court in conjunction with Mayo Clinic's Motion to Compel.

In addition, Defendant asked at the hearing that the Court produce all ex parte emails sent to and voicemails left with the Court by Angela Johnson, as referenced by the Court in its March 10, 2026 email to counsel.  Plaintiff had no objection to their disclosure and Court ordered their production to Defendant.  The undersigned's chambers will send an email to counsel for Defendant and to Plaintiff attaching those emails and voicemails.

Plaintiff is now proceeding pro se.  Unless Plaintiff registers for CM/ECF access, she will be expected, as any other pro se litigant, to update the Clerk's Office as to Plaintiff's correct address for service by U.S. mail.  As noted at the hearing, Plaintiff is advised that if she chooses to proceed pro se, she must comply with the Local Rules for

the District of Minnesota, the Federal Rules of Civil Procedure, and this Court's Orders. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  Plaintiff is further advised that resources for pro se litigants are available on the District of Minnesota website, including links to the District of Minnesota Local Rules and the Federal Rules of Civil Procedure and Evidence.  Links to these resources, as well as other resources, are at:

- https://www.mnd.uscourts.gov/representing-yourself; and

- https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets.

### ORDER

Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.     The Motion of Gregory M. Erickson, Vincent J. Fahnlander, William F. Mohrman, Benjamin P. Lanari, Maxwell D. Becker, and Peter D. Linder, with the law firm Mohrman, Kaardal & Erickson, P.A., to Withdraw as Legal Counsel of Record Without Substitution for Plaintiff Angela Johnson (Dkt. 18) is **GRANTED**;

2.      Counsel must immediately (a) send a copy of this Order to Plaintiff by U.S. Mail and email; and (b) file with the Court on CM/ECF a Certificate of Service to that effect within **seven (7) days** of the date of this Order; and

3.      Counsel must immediately return their files regarding Plaintiff Angela Johnson to her.  Counsel may make and retain a copy of their files at their own expense.

4.      The law firm Mohrman, Kaardal & Erickson, P.A. has provided the Court and the parties with an address for Plaintiff Angela Johnson: 1421 15th Street South, La Crosse, Wisconsin 54601.  (*See* Dkt. 21 at 1.)  Unless a Notice of Representation is filed by a future attorney for Plaintiff Angela Johnson, all service of documents and correspondence shall be directed to the address provided.

5.      Plaintiff Angela Johnson's March 12, 2026 pro se Emergency Motion to Stay Discovery Deadlines (Dkt. 26) is **GRANTED** only insofar as set forth in this Order, and is otherwise **DENIED**.

6.      Defendant's request that the Court produce all ex parte emails sent to and voicemails left with the Court by Angela Johnson, as referenced by the Court in its March 10, 2026 email to the counsel, is **GRANTED**.  The undersigned's chambers will send a copy of these communications to all counsel in this case, and to Angela Johnson, via email.

Dated:        March 20, 2026                      *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge